IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SAMUEL J. ROBINSON,

    Plaintiff,

v.

WEXFORD HEALTH SOURCES, INC.,
REDNOUR, MISS STOCK, HARRINGTON,
DR. FAHIM, TRANSFER COORDINATOR,
and SANDRA FUNCH,

    Defendants.

Case No. 11-cv-779-JPG

## MEMORANDUM AND ORDER

    Plaintiff, currently incarcerated at Pinckneyville Correctional Center, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 concerning events that occurred while plaintiff was incarcerated at Menard Correctional Center.  He brings the present action for a temporary restraining order and injunctive relief alleging that defendants violated his rights under the Eighth Amendment of the Constitution when they were deliberately indifferent to his medical needs.  Plaintiff does not seek damages.

    Plaintiff alleges that he cannot place pressure on his left leg as the result of a back surgery and scar tissue that is pinching his sciatic nerve.  As a result, plaintiff used a crutch upon entering Menard Correctional Center.  Officials at Menard Correctional Center, however, would not let plaintiff keep the crutch for security reasons.  Without his crutch, plaintiff could not walk without experiencing excruciating pain.  Plaintiff claims he put in multiple requests to see a doctor; however, he was unable to get to the doctor because correctional officers at Menard Correctional Center did not provide him with a crutch or wheelchair.  As a result, plaintiff says he has suffered mental stress and pain, stomach aches, uncontrollable eczema, and muscle

cramps from lack of movement.  Thereafter, plaintiff was transferred to Pinckneyville Correctional Center.

Transfer of a prisoner to a another institution renders the prisoner's request for injunctive relief against the first prison moot unless he makes a showing that he will likely be retransferred to that first institution.  *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).  Here, plaintiff's claims all arise out of actions that occurred at Menard Correctional Center.  Plaintiff is currently incarcerated at another facility and his complaint does not plausibly suggest that he will be transferred back to Menard Correctional Center.  Thus, plaintiff's request for injunctive relief against defendants is moot.  Plaintiff does not seek damages.

Accordingly, the Court **DISMISSES** this matter without prejudice.  The Court further **DIRECTS** the Clerk of Court to enter judgment accordingly.  The Court declines to assess a strike because plaintiff's complaint was legitimate when initially filed.

**IT IS SO ORDERED.**

DATED: August 13, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
