IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL J. ROBINSON, | |
|     Plaintiff, | |
| v. | Case No. 11-cv-779-JPG |
| WEXFORD HEALTH SOURCES, INC., REDNOUR, MISS STOCK, HARRINGTON, DR. FAHIM, TRANSFER COORDINATOR, and SANDRA FUNCH, | |
|     Defendants. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Samuel J. Robinson's post-judgment motion to amend complaint (Doc. 16). This Court dismissed this case (Doc. 10) and entered judgment (Doc. 11) on August 13, 2012. Thereafter, Robinson filed the instant motion to amend his complaint.

Federal Rule of Civil Procedure 15(a) provides that a plaintiff may amend a complaint as of right within 21 days after service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f). Thereafter, the court should grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). However, after judgment has been entered in a case the plaintiff is left to either (1) file an appeal of the judgment or (2) ask for leave to amend under Rule 15(a) after seeking relief under Rule 59 or 60. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1111 (7th Cir. 1984). Absent a motion pursuant to Rule 59 or 60, a court lacks jurisdiction to review a post-judgment Rule 15(a) motion for leave to amend the complaint. *Paganis v. Blonstein*, 3 F.3d 1067, 1072-73 (7th Cir. 1993).

Here, Robinson has failed to seek to have the judgment reopened under either Rule 59 or 60. Further, he has failed to make any argument to reopen his case from which this Court could construe his motion as a motion to reopen under either of these rules. Accordingly, the Court must **DISMISS** Robinson's motion (Doc. 16) for lack of jurisdiction.

**IT IS SO ORDERED.**

**DATED:** August 7, 2013

                                           s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**